USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*°†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
° ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

July 8, 2008

OUR REF: 88-08/GMV

**MEMO ENDORSED**

**BY HAND**
The Hon. William H. Pauley, III
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

*Applications granted.*
**SO ORDERED:**

_____
WILLIAM H. PAULEY III U.S.D.J.
7/11/08

*The initial pretrial conference is adjourned to August 8, 2008 at 10:30 a.m.*

*UNDER TEMPORARY SEAL*

Re: Ardemar Marine Limited v. Emco Shipping, a/k/a Emco Denizcilik Ticaret Ve
Sanayi Ltd Sti, a/k/a Emco Denizcilik, 08 Civ 1695 (WHP) – SDNY

Dear Judge Pauley:

We represent Plaintiff Ardemar Marine Limited ("Ardemar") in the above Rule B attachment action and write to respectfully request that the Court execute the within proposed Orders directing the issuance of Amended Process of Maritime Attachment and Garnishment ("PMAG") and directing the Clerk to temporarily and partially seal the amended pleadings. Courtesy copies of the two proposed Orders, Amended Verified Complaint and Venezia Affidavit of Good Faith are enclosed herewith for the Court's ready reference. Plaintiff also respectfully requests that the initial pretrial conference on July 11, 2008 at 12:45 p.m. be adjourned. This is our second request for an adjournment, and an adjournment will not affect any other deadlines of the case.

By way of background, Plaintiff applied for a Rule B maritime attachment against Defendant Emco Shipping ("Emco") on February 20, 2008 relating to Ardemar's claim for unpaid hire. By an Order dated February 26, 2008, the Court granted Ardemar's request, authorizing the issuance of Process of Maritime Attachment and Garnishment ("PMAG") against the property of Emco. A settlement offer was placed on the table earlier this year, but Emco has yet to make any payments in satisfaction of its outstanding debt to date.

NYDOCS1/308117.1

The Hon. William H. Pauley, III
July 8, 2008
Page 2

     Plaintiff has amended its Verified Complaint because Plaintiff has learned that Defendant Emco is actively trading in a name other than its own. In January 2008, Emco remitted a hire payment to Plaintiff Ardemar in the name of non-party Regent Properties. (Annexed as **Exhibit C** to the Amended Verified Complaint is the proof of payment by Regent Properties) Recent investigation also reveals that Emco also regularly remits bunker payments to its main bunker supplier, non-party Bunkers International Inc., in the name of Regent Properties. Another source has also received payments from Emco from a bank account in Genoa, Italy at Banque de Commerce et de Placements SA – a branch of the same bank used by Regent Properties to pay hire on behalf of Emco to Plaintiff Ardemar in January 2008. (See **Exhibit C** to the Amended Verified Complaint) (Emco is known to maintain its accounts at Denizbank in Istanbul, Turkey.)

     The evidence that Emco re-routes its funds through Regent Properties is also consistent with the clear discrepancy between Emco's reported earnings and actual chartering activities during 2007: Emco's reported earnings for 2007 indicate that Emco suffered a significant decline in business activity during the year, whereas market indicators based on Emco's actual chartering activities indicate that Emco should have experienced an increase in income in the region of $15-20 million. Our recent investigation has also shown that Defendant has recently chartered at least three vessels: the M/V FONARUN NAREE which is operated/owned by non-party Precious Shipping, the M/V ALEXI I which is operated/owned by non-party Mega Maritime and the M/V BANGLAR KAKOLI which is operated/owned by non-party Dubai Coast Shipping. Despite daily service of the PMAG on various banks in New York, and despite Emco's substantial chartering activities, no funds of Defendant have been attached thus far. It appears that Defendant has taken steps to avoid the attachment by ensuring that its funds are not transferred in its own name, but rather in the name of its paying agent, Regent Properties.

     For the reasons set forth in the good faith affidavit, the amended pleadings need to be filed under a temporary and partial seal. Preserving the *ex parte* nature of the amended application is essential to Plaintiff's ability to obtain security in support of its underlying claims and to restrain the upcoming hire payment in particular.

     Importantly, when court files "become a vehicle for improper purposes, public access to court files should be (and has been) denied. 1 MOORE'S FEDERAL PRACTICE §5.34[2][c]; Nixon v. Warner Comm'n, Inc., 435 U.S. 589 (1978). Defendant Emco has already taken steps to circumvent the Court's Order of attachment. Plaintiff therefore has reason to believe that unless the amended application is filed under a temporary and partial seal, Emco will take further steps to avoid attachment of its funds, frustrating the Court's Order of attachment. Temporary sealing orders have recently been granted in a number of attachment cases: Ocean Prince Maritime Ltd v. Puyvast Transport B.V. et al., 08 CV 2797 (May 13, 2008) (Scheindlin, J.); Compania Sud Americana de Vapores v. Allied Maritime Inc., 08 CV 1954 (Feb. 27, 2008) (McKenna, J. sitting as Part One Judge); Faraday Shipping Co. v. Essar Steel Ltd., 08 CV 2857 (March 18, 2008) (Baer, J. sitting as Part One Judge); Golden President Shipping Corporation v. Bocimar NV, 08 CV 3490 (Wood, J. sitting as Part One Judge).

NYDOCS1/308117.1

FREEHILL, HOGAN & MAHAR LLP

The Hon. William H. Pauley, III
July 8, 2008
Page 3

      For the reasons contained herein, Plaintiff respectfully requests that the Court execute the proposed Orders directing the issuance of Amended PMAG and directing the Clerk to temporarily and partially seal the amended application (including the Amended Verified Complaint, Order directing Amended PMAG, Amended PMAG and any other pleadings relating to the amended application) until property of Defendant is first attached pursuant to the Amended PMAG, at which time Plaintiff will notify the Court of the attachment in conjunction with its duty to provide notice of the attachment to Defendant in accordance with Local Admiralty Rule B.2.

      In addition, because no funds of Emco have been restrained, and because Plaintiff has now amended its Verified Complaint, we submit there is no need for a scheduling conference at this time and respectfully request that the July 11th conference be adjourned. We suggest a control date of an additional sixty (60) days, at which time we can advise the Court of status.

      We thank the Court for its courtesy and attention to this matter.

                                        Respectfully submitted,
                                        FREEHILL HOGAN & MAHAR LLP

                                        Gina M. Venezia